UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
PONTIFEX PARTNERS, LLC,                         :
                                                :       **ORDER DENYING MOTION**
                                  Plaintiff,    :       **FOR RECONSIDERATION**
                                                :
              -against-                         :       09 Civ. 2097 (AKH)
                                                :
MILLENNIUM GLOBAL EMERGING CREDIT               :
FUND, LP, et al.                                :
                                                :
                                  Defendants.   :
                                                :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      On October 28, 2009, the parties appeared before me for oral argument on Defendants' motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. I dismissed the first count without prejudice, and the second through seventh counts with prejudice. On November 17, 2009, Plaintiff filed a motion for reconsideration claiming that I overlooked controlling law in dismissing its conversion claim (Count Three) against Defendant Credit Suisse, and its breach of contract claim (Count Four) against Defendants Millennium Global Emerging Credit Fund, L.P., Millennium Global Emerging Credit GP Limited, and Michael Balboa.

      The standards governing a motion for reconsideration are "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . [and which] might be expected to alter the [court's] conclusion." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3 (requiring movant to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). A motion for reconsideration may not rehash arguments already made or advance arguments not previously presented. Pfizer, Inc. v. Stryker Corp., No. 02 Civ. 8613 (LAK), 2005 WL 44383, at *1 (S.D.N.Y. Jan. 10, 2005).

1

Plaintiff argues that I overlooked controlling Delaware law when deciding that it became a limited partner upon execution of the Subscription Agreement and the Partnership's acceptance of its investment. Plaintiff is correct that under Delaware law the court must look to the terms of the partnership agreement to determine whether it became a limited partner. See Del. Code. Ann. tit. 6, § 17-301(b)(1). However, Plaintiff misconstrues my decision. My holding that Plaintiff became a limited partner upon execution of the Subscription Agreement and the Partnership's acceptance of its investment was not based on some vague proposition of Delaware law. It was based on the unambiguous terms of the Subscription Agreement. See Oral Arg. Tr. at 33-35 ("I am going to rule that under the subscription agreement you became a partner upon their acceptance of the funds . . . .")

The remainder of Plaintiff's motion fails. The arguments regarding the meaning and ambiguity of the Subscription Agreement were already made and rejected. Plaintiff's contention that there may be some other document which actually controls its status as a limited partner cannot be considered because the argument was not previously presented to the court. Plaintiff's opposition to Defendants' motion rested on the meaning of the Subscription Agreement. It never contended that some other document might control.

Finally, I deny Plaintiff's request to reconsider my denial of leave to replead counts three and four. "A Court may dismiss without leave to amend when amendment would be futile." Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., 07 Civ. 6959 (DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec.14, 2009) (citing Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005)). "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Oneida Indian Nation of New York, 337 F.3d at

168. Plaintiff could not allege additional facts that would survive a motion to dismiss. I held that Plaintiff, as a matter of law, became a limited partner under the terms of the Subscription Agreement when it executed the Agreement and the Partnership acknowledged receipt of its investment. Oral Arg. Tr. at 33-35. Plaintiff cannot allege facts that alter the meaning of the Agreement. Plaintiff's proposed allegations regarding alternative controlling documents would also be insufficient, as they merely speculate that some other document might exist which controls the transaction and could lead to a different result. These conclusory assertions are not sufficient to warrant leave to replead.

For the reasons stated above, I deny Plaintiff's motion for reconsideration. The Clerk shall mark the motion (Doc. #31) as terminated.

SO ORDERED.

Dated: December 27, 2009
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge